JOHN ELWOOD LUNSMANN, GLORIA ANTOINETTE LUNSMANN and HERBERT LEROY LUNSMANN, Their Next Friend, Appellants, v. MISSISSIPPI VALLEY TRUST COMPANY, a Corporation, and CARL H. WITTE, Trustees under the Will of JOHN LUNSMANN, SR., LIZZIE LUNSMANN and WALTER H. LOTZ, Guardian of the Person and Estate of ANNIE LUNSMANN, *non compos.*—98 S. W. (2d) 748.

Division One, November 12, 1936.

*Luke E. Hart* and *W. T. O. Hart* for appellants.

*William R. Orthwein* for Mississippi Valley Trust Company and Carl H. Witte, Trustees; *Harry Troll* and *Clarence J. Neudeck* for Lizzie Lunsmann and Walter H. Lotz.

FRANK, J.—Action to construe the will of John Lunsman, deceased.

We quote the following from appellants' statement of facts:

"This is an appeal from a decision of the Circuit Court of the City of St. Louis in favor of the defendants and against the plaintiffs, in an action to construe the will of John Lunsmann, deceased.

"Plaintiffs are the three minor grandchildren of the testator, aged (at the time of filing suit, August 27, 1932) four, six, and nine years, respectively. The testator died June 17, 1928, at the age of 85 years. His estate amounted to $105,000.00, invested in various securities, including $80,000.00 of United States bonds. He was survived by Lizzie Lunsman, his wife, then 69 years of age, a son, John Lunsmann, Jr., then aged 30 years, who was the father of the plaintiffs herein, and a daughter, Annie Lunsmann, then aged 32 years, a *non compos* who had been an inmate of an asylum "off and on" and who has been confined in an asylum continuously since the day after her father's funeral.

"At the time of the testator's death the son was living and earning $200.00 per month. The son died March 2, 1932, leaving no estate. The mother of the plaintiffs owns a six-room house on Bacon Street in St. Louis, the upper half of which at one time rented for $16.00 per month. At the time of the trial it was not rented and produced no income. She received the proceeds of a life insurance policy carried by her husband, amounting to $5,053.45, which had been depleted by living expenses and the expense of a major operation. She had no means of support and with her three children she was compelled to live with her mother and stepfather in a second story flat at 905a Lami Street in St. Louis. The stepfather was employed at the City Workhouse.

"The testator devised all of his property to trustees, with provision for beneficiaries as named therein, including the plaintiffs. Plaintiffs contend that the trustees were given the right under the will to provide for the maintenance and education of minor beneficiaries, and, in case of 'extremity,' to make special provision for the beneficiaries of their families from the income, and, in case of 'imperious necessity,' to use the principal of the trust for that purpose.

"Plaintiffs applied to the trustees for an allowance for their support, maintenance, care and education on the ground that the death of their father, leaving them without any income or means of support and the inability of their mother to provide for them presented a case of 'extremity' and 'imperious necessity' within the meaning of the will. The trustees refused to make an allowance and said that this was a matter the Court would have to decide.

"The question therefore arises on this record as to whether (a) the plaintiffs are entitled to have such allowances made for their

benefit, and (b), if so, whether the trustees should be directed to make such allowance.''

The provisions of the will requiring construction read as follows:

''Seventh: I give, bequeath and devise all the rest, residue and remainder of my estate, whether real, personal or mixed and wheresoever situated to the said Mississippi Valley Trust Company and my said son John Lunsmann, Junior, as co-trustee, subject to the following terms, limitations and conditions:

''If my said wife survive me, the trust shall continue so long as she shall live and remain unmarried, and during such time the Trustees shall pay to her the sum of Fifty Dollars ($50.00) per month and so much more as she shall require for her maintenance and support in the style and mode in which she has been living heretofore. On the death or remarriage of my said wife after my decease or if she predecease me, then on my death the estate which was held in trust for her, or, which would have gone in trust for her, hereunder shall go in equal portions or proportion of one equal part to each of my children then living and one equal part to the living children collectively of each child of mine then deceased; but if no child or grandchild of mine be then living, such estate shall then go to my then heirs at law under the laws of Missouri, subject to the provision, however, that in such distribution the trust fund of Ten Thousand Dollars ($10,000.00) hereinabove created for my daughter Annie Lunsmann, shall be taken into consideration and shall be considered as payment to that amount on any portion which she may be entitled to receive under such distribution, provided however, that if and when said son John Lunsmann arrives at the age of forty years he shall be entitled to receive as his own out of the corpus of my estate, the sum of Ten Thousand Dollars ($10,000.00) provided said amount is less than one-fourth ($\frac{1}{4}$) of my total estate at that time, and for which Ten Thousand Dollars he shall give credit on the amount to finally come to him out of my said estate and to be considered as payment to that amount on any portion which he may be entitled to receive finally out of my estate.

''Upon the son of my said son John Lunsmann, Junior, or any child of said son, John Lunsman, Junior, arriving at the age of twenty-one (21) years, such son or child of said John Lunsmann, Junior, shall be entitled to and receive out of my said estate the sum of five thousand dollars ($5,000.00) provided my said son John Lunsmann approves the same and to be invested by the said John Lunsmann, Junior, for the benefit of his said son or child.

''Eighth: During the respective trusts hereby created the said Trustees shall have and hold the respective trust estates jointly, and the respective beneficiaries thereof shall enjoy the same subject to the following conditions, limitations, powers and discretions, in addition to those above specified, to-wit: If any beneficiary entitled

to receive a portion of my estate shall be a minor at the time when such beneficiary shall become entitled to any portion of my estate, such portion shall not pass to such minor direct, but shall be held by such trustees in separate trust for such minors until such minors respectively become of age of twenty-one years. During the separate trusts of any minor or for any minor, the trustees shall use the income and principal of the estate held for such minors respectively as the trustees shall deem proper for the maintenance and education of such minors respectively. In the event of the death of any minor during the minority of such minors respectively, then the portion of my estate held for such minors respectively shall pass to their respective descendants, if any, otherwise to my then heirs at law. If from time to time under the provisions of this Will any estate shall pass to any person for whom said trustees shall then hold any estate in trust hereunder, then the share so passing to such person shall not pass to such person direct but shall pass to the said trustees in trust for such person and be added to the principal of the estate already so held and shall thereafter be subject to the same conditions and limitations as the estate already so held except said $10,000.00, to be paid as hereinabove provided to said John Lunsmann, Junior, when he becomes forty years of age and except the five thousand dollars each to be paid to the children of said John Lunsmann, Junior, when they become twenty-one years of age.

"The trustees said Mississippi Valley Trust Company, and said John Lunsmann, Junior, are fully authorized and empowered as such to manage and control the trust estate as they may deem most advantageous for the benefit of the beneficiaries and to collect the income and profits thereof. The said trustees without accountability for loss, may retain as investments of the trust estate any property or securities received as part of my estate at any decease. At its discretion and the discretion of my said son John Lunsmann, Junior, the said Mississippi Valley Trust Company and said John Lunsmann, Junior, may invest and reinvest the trust funds in notes secured by mortgage or deed of trust, or in the United States, State, County, District, or Municipal Bonds of or in any State, or in bonds of any Corporation of or in any State, and said trustees may sell, exchange, transfer and deliver any investment at their discretion.

"During the respective trusts from time to time and for the purpose of making final distribution of the respective trust estates, the Trustees shall have power, and are hereby authorized, in their discretion at private sale to bargain, sell, grant and convey any realty of the trust estate. The Trustees may from time to time let and rent or demise and lease for any term, any real property belonging to the trust estate, upon such rental and terms as they may deem reasonable.

"The Trustees are not to exceed the payments to the beneficiaries

above authorized, except in case of extremity, or if by misfortune or unavoidable accident the value of the trust estate shall become greatly diminished and imperious necessity affecting the beneficiary or family of the beneficiary should, in the judgment of the trustees, render it proper to use additional amounts therefor, but then only so long as the necessity shall continue and the principal so used shall be repaid out of the future income, if in the judgment of the trustees the same can be done without serious inconvenience to the beneficiary or the family of the beneficiary. The trustees decision as to what is such extremity and what amount of principal is necessary to be used shall be absolute and conclusive.

"All transfers, assignments, pledges and mortgages by any beneficiary of any interest in the trust estate shall be void and of no effect and such interest shall not be subject to any debt or liability, garnishment or execution under any suit at law or in equity. During the pendency of any suit against any beneficiary all right of such beneficiary to any payment out of the trust estate shall stand suspended and be null and void; however, in their discretion, the trustees may apply amounts for maintenance and health of beneficiary or family of the beneficiary while involved in any suit.

"The trustees shall annually render to the beneficiaries a written statement and account of the transactions of the trust estate.

"The provision herein made for my wife is intended and to be taken in lieu of dower and other interests in and allowances from my estate at common law or under statute."

The three plaintiffs in this action are the minor children of the deceased son of the testator. The defendants are the two trustees under the will, the wife of testator, and the guardian of the *non compos* daughter of testator.

The minor plaintiffs made application to the trustees asking that an allowance be made to them out of the trust property sufficient for their support and education. The trustees denied the application on the ground that under the terms of the will they had no authority to make the allowance asked for. Thereupon the minor children brought this action asking for a construction of the will, contending that under a proper construction thereof they would be entitled to an allowance out of the trust property sufficient to provide for their support and education. All of the defendants answered alleging, among other things, that the trustees are without right or authority to extend any aid or expend any of the assets of said estate in behalf of plaintiffs who under the terms of the will are contingent remaindermen and are not beneficiaries of any trust at this time, and therefore, are not covered by that portion of the will providing for emergency relief.

Paragraphs one and two of clause seven of the will above quoted devises the residue of testator's estate in trust for the use and benefit

of his wife during her life or widowhood. Further provision is made that in event of her death or remarriage, the trust property shall go in equal portions of one equal part to each of testator's children then living, and one equal part to the living children collectively of each child of testator then deceased, and if no child or grandchildren of testator be then living, the property shall go to testator's heirs at law.

The plaintiffs are minor children of a deceased son of testator. They are not present beneficiaries of the trust property. They do not now have and may never have a vested interest therein. They are contingent remaindermen. By the terms of the will the property is bequeathed in trust for testator's wife during her life or widowhood. In event of her death or remarriage, if plaintiffs are living at that time they will then take a vested interest in the share their father would have taken had he lived. Until that time arrives they have no interest in the property. Testator's wife is now living and unmarried. She filed answer in this cause resisting the claim of plaintiffs on the ground they have no present interest in the trust property.

Plaintiffs contend that when the will is viewed from its four corners it manifests a clear intention on the part of the testator that plaintiffs should be maintained and educated out of the trust property during their minority.

Our attention is called to the rule often quoted that "in construing a will, the object is to reach the intention of the testator, which is to be gathered, not from single words or single passages, but from a consideration of the whole instrument, and the general design and scope of it. . . . Technical rules, when they stand in the way of the manifest intention of the testator may be disregarded." We agree with the rule quoted and will construe the will and determine plaintiffs' contentions in the light of that rule.

One clause of the will upon which plaintiffs rely reads as follows:

"The trustees are not to exceed the payments to the beneficiaries above authorized, except in case of extremity, or, if by misfortune or unavoidable accident the value of the trust estate shall become greatly diminished and imperious necessity affecting the beneficiary or family of the beneficiary should, in the judgment of the trustees, render it proper to use additional amounts therefor, but then only so long as the necessity shall continue and the principal so used shall be repaid out of the future income, if in the judgment of the trustees the same can be done without serious inconvenience to the beneficiary or the family of the beneficiary. The trustees' decision as to what is such extremity and what amount of principal is necessary to be used shall be absolute and conclusive."

It is plaintiffs' contention that the death of their father leaving their mother without means for their support, presents a case of "extremity" and raises a question of "imperious necessity" of providing for their support, maintenance, care and education, within the meaning of the clause of the will last above quoted.

By the express terms of this clause of the will, it has no application to plaintiffs. Note its language:

"The trustees *are not to exceed the payments to the beneficiaries above authorized,* except in case of extremity," etc. (Italics ours.)

This provision of the will applies to named beneficiaries to whom payments have been authorized. It expressly states that authorized payments to beneficiaries shall not be increased except, etc. It does not apply to plaintiffs for two reasons, (1) because they are not beneficiaries at this time, and (2) because the will does not authorize any payments made to them. This clause of the will applies to testator's wife and *non compos* daughter because the will names them as beneficiaries and authorizes payments made to them.

Further contention is made that the provision of the will that the trustees shall use the income and principal of separate trust funds held for minors for the maintenance and education of such minors, clearly shows the testator intended that plaintiffs should be provided for, especially so, in view of the fact that at the time the will was executed the circumstances were such that there could be no minors to be educated except the children of testator's son John.

Conceding that at the time testator made his will he had in mind there could be no minors to be maintained and educated except the children of his son, still plaintiffs' contention cannot be upheld because of express provisions of the will to the contrary reading as follows:

"If any beneficiary entitled to receive a portion of my estate shall be a minor at the time when such beneficiary shall become entitled to any portion of my estate, such portion shall not pass to such minor direct, but shall be held by such trustees in separate trust for such minors until such minors respectively become of age of twenty-one years."

Clearly this provision of the will means that the trust fund which passes to and vests in minor beneficiaries upon the death or remarriage of the widow shall be thereafter held by the trustees in separate trust for such minors until they respectively become twenty-one years of age, during which time the trustees shall use such funds for the maintenance and education of such minors. The contingency has not yet happened which would give the minor plaintiffs a vested interest in the trust property, and authorize the trustees to hold such property in separate trust for their use and benefit. They now hold the property for the use and benefit of testator's widow, and the will requires them to continue to do so until her death or remarriage.

We find nothing in the will to indicate that the testator intended otherwise.

The trial court held that the interests of plaintiffs in the trusts created under the will are contingent and not vested, and that plaintiffs are therefore not entitled at this time to any allowances out of the trust property.

We agree with the trial court's construction of the will and, therefore, affirm the judgment. All concur.